JOSEPH W. HOOD, JR. AND BARBARA K. HOOD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hood v. Commissioner
Docket No. 4717-87.
United States Tax Court
T.C. Memo 1988-205; 1988 Tax Ct. Memo LEXIS 236; 55 T.C.M. (CCH) 817; T.C.M. (RIA) 88205; May 9, 1988. Joseph W. Hood, Jr., and Barbara K. Hood, pro se. Deborah S. Merkel, for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code *237 of 1986 and Rules 180, 181 and 182. [1] Respondent determined a deficiency in petitioners' 1983 Federal income tax in the amount of $ 1,266.00. After concessions by petitioners, the sole issue is whether petitioners are entitled to a depreciation deduction in excess of the amount allowed by respondent. This case was submitted without trial pursuant to Rule 122. The joint stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners, husband and wife, were residents of Virginia Beach, Virginia, at the time they filed their petition in this case. During 1969, petitioners purchased property in Virginia Beach, Virginia ("Virginia Beach home" or "property"), and lived there until October, 1982. From October 1982, through February 1984, petitioners lived in Richmond, Virginia, and rented their Virginia Beach home. On their Federal income tax return for 1983 petitioners claimed a deduction for depreciation for their Virginia Beach home. Petitioners claimed that they placed *238 the property in service during 1982 and calculated their depreciation deduction using the Accelerated Cost Recovery System (ACRS) as provided by section 168. Respondent disallowed the deduction to the extent it exceeded the deduction for depreciation based on a calculation using the straight line method on the basis that the Virginia Beach home was placed in service prior to 1981 and does not qualify for the benefits of ACRS. Petitioners claim that they Virginia Beach home was not placed in service until 1982, when it was rented. Both parties rely on the proposed regulations issued under section 168 to support their positions. However, proposed regulations carry no more weight than a position advanced on brief by respondent. F. W. Woolworth Co. v. Commissioner,54 T.C. 1233, 1265-1266 (1970). Accordingly, we will not rely on the proposed regulations to determine when petitioners placed the property in service. Property placed in service prior to January 1, 1981, does not qualify for ACRS deductions. Section 168(e)(1). Property is placed in service when it is "first placed in a condition or state of readiness for a specifically assigned function, whether *239 in a trade or business, in the production of income, in a tax exempt activity, or in a personal activity." Section 1.167(a)-11(e)(1) Income Tax Regs.; see Piggly Wiggly Southern, Inc. v. Commissioner,84 T.C. 739, 745-746 (1985), affd. on another issue 803 F.2d 1572 (11th Cir. 1986). Petitioners' property was first placed in a condition or state of readiness for use in a personal activity during 1969, when petitioners commenced using the property as their personal residence. Although petitioners were not entitled to claim a deduction for depreciation until 1982, when the property was converted to rental use, the fact remains that petitioners first used the property during 1969 as their personal residence. Therefore, the Virginia Beach home was first placed in service during 1969 and accordingly, petitioners may not use ACRS for calculating their deduction for depreciation. Accordingly, petitioners are not entitled to a depreciation deduction in excess of the amount allowed by a respondent. Decision will be entered for the respondent.
Footnotes
1. All subsequent section references are to the Internal Revenue Code of 1954, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩